## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JAMES HARRIS,

               Petitioner,          :    Case No. 2:22-cv-3672

   - vs -                         District Judge James L. Graham
                                       Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                                :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner James Harris, is before the Court for decision on the merits upon the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Amended Return of Writ (ECF No. 13) and Petitioner's Traverse (ECF No. 8). At Petitioner's request in his Traverse, the State Court Record has been expanded to include transcripts of the hearings on the motion to suppress, the no contest plea, and sentencing (ECF No. 12).

The Magistrate Judge reference of this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

**Litigation History**

On January 29, 2020, the Muskingum County Grand Jury indicted appellant on two counts of trafficking in drugs (cocaine and methamphetamines), one with a major drug offender specification, in

1

violation of Ohio Revised Code §§ 2925.03 and 2941.1410, two counts of possession of drugs (cocaine and methamphetamines), one with a major drug offender specification, in violation of the same statutes, and one count of possession of drug paraphernalia in violation of Ohio Revised Code § 2925.14. After his motion to suppress was denied, Harris pleaded no contest to all the charges in the Indictment (Plea, State Court Record 11, Ex. 5). After merger of some of the counts, the trial court sentenced Harris to an aggregate twenty-one to twenty-six and one-half years imprisonment. *Id.* at Ex. 9.

Harris appealed to the Ohio Fifth District Court of Appeals which affirmed the convictions and sentence. (Opinion, *State v. Harris*, Case No. CT2020-0052, State Court Record, ECF No. 5, Ex. 16). Harris appealed, but the Supreme Court of Ohio declined to exercise jurisdiction. *Id.* at Ex. 20. Harris presented claims of ineffective assistance of appellate counsel by filing an application to reopen under Ohio R. App. P. 26(B). *Id.* at Ex. 21, but the Fifth District denied relief. *Id.* at Ex. 22. Harris did not appeal to the Supreme Court of Ohio from this decision.

Harris then filed his Petition for Writ of Habeas Corpus, pleading the following Grounds for Relief:

> **Ground One**: The trial court erred to the prejudice of the petitioner and abused its discretion when it denied petitioner's suppression motions. Petitioner did not commit a minor misdemeanor traffic offense and the officer did not have reasonable articulable suspicion that the petitioner was engaged in criminal activity violating the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

> **Ground Two**: The trial court erred to the prejudice of the petitioner and abused its discretion when it denied petitioner's suppression motions. Petitioner did not commit a minor misdemeanor traffic offense, and the officer did not have jurisdiction to conduct Petitioner's traffic stop violating the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

> **Ground Three**: The trial court erred to the prejudice of the petitioner and abused its discretion when it denied Petitioner's suppression motions. The pretextual traffic stop violated the Fourth

Amendment and the equal protection clause of the U.S. Constitution.

**Ground Four**: The trial court erred to the prejudice of the petitioner and abused its discretion when it denied Petitioner's suppression motions. The officer violated policy and procedures regarding his body worn camera and the local officers intentionally wear no cameras and have no cruiser dash cameras violating petitioner's right to exculpatory or *Brady* evidence in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

**Ground Five:** The trial court erred to the prejudice of the petitioner and abused its discretion when it imposed a "no contest plea tax" much like a "trial tax" in sentencing petitioner violating his fifth, sixth, and fourteenth amendment rights and his rights to due process under the U.S. Constitution.

**Ground Six**: The trial court erred to the prejudice of the petitioner and abused its discretion when it used improper judicial fact-finding regarding prior acquittals and reduced sentences to impose a disproportionate sentence in violation of the fifth, sixth and eighth amendment rights of the United States Constitution.

**Ground Seven**: Petitioner had ineffective assistance of appellate counsel where counsel failed to move to supplement the record with the dismissal of the traffic citation alleged as the reason for the illegal traffic stop that led to the illegal search and seizure in violation of petitioner's sixth amendment guarantees to effective counsel by the U.S. Constitution.

(Petition, ECF No. 1-2, PageID 28-53).

# Analysis

## Grounds One, Two, and Three: Conviction on Evidence Seized in Violation of the Constitution

In Grounds One, Two, and Three Petitioner claims he was convicted on evidence seized in violation of the United States Constitution because (1) he did not commit the minor misdemeanor traffic violation which formed the purported basis for the traffic stop, (2) the arresting officer, a Perry County deputy sheriff, did not have jurisdiction to make an arrest in Muskingum County, and (3) the traffic stop was pretextual, intended to discover narcotics violations instead of for writing a traffic citation.

Each of these claims arises under the Fourth Amendment. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing

4

> a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P.
> 5(A). These rules provide an adequate procedural mechanism for the
> litigation of Fourth Amendment claims because the state affords a
> litigant an opportunity to raise his claims in a fact-finding hearing
> and on direct appeal of an unfavorable decision.

*Id*. at 526.

After Harris was indicted, his counsel filed a Motion to Suppress (State Court Record, ECF No. 5, Ex. 3) which she then supplemented (*Id.* at Ex. 4). That motion came on for evidentiary hearing on July 16, 2020; the hearing has been transcribed and the transcript filed (State Court Record, ECF No. 12-1, PageID 347, et seq.). Judge Fleegle issued a written decision denying the motion to suppress which recites at least some of the evidence justifying the traffic stop. (Entry, State Court Record, ECF No. 5, Ex. 6). After pleading no contest and being convicted, Petitioner appealed to the Ohio Court of Appeals for the Fifth District. (*Id.* at Ex. 10). In his Brief on appeal, Petitioner pleaded four assignments of error related to denial of the motion to suppress. (*Id.* at Ex. 12). The Fifth District discussed those assignments of error at length in the course of affirming the conviction. (*Id.* at Ex. 16). Under Ohio law, Harris had the right to a further appeal to the Ohio Supreme Court which he exercised. (*Id.* at Exs. 17, 18). That court's jurisdiction over a case such as this is in effect discretionary. In this case it declined to exercise that jurisdiction, but that is a very frequent occurrence in felony appeals.

Petitioner has made no argument that some "unanticipated and unforeseeable application of a procedural rule prevent[ed] state court consideration of merits." The merits were in fact considered by both the trial and appellate courts. In his Traverse, Petitioner complains of Respondent's omission of a transcript of the suppression hearing, but that omission has now been cured. Petitioner claims that transcript will show "inaccurate or perjured testimony" was used by

the State, but it does not on its face.  Mr. Harris was present for that hearing but did not take the stand to deny or dispute any of the State's evidence, nor did anyone else testify on his behalf.

Also in the Traverse Petitioner places blame for his conviction on ineffective assistance of counsel.  *Stone* does not bar consideration of an ineffective assistance of trial counsel or ineffective assistance of appellate counsel claim, but Petitioner has not shown or even argued how ineffective assistance of counsel deprived him of a full and fair opportunity to litigate his Fourth Amendment claims.

Merits consideration of Grounds One, Two, and Three is barred by *Stone v. Powell* and they should be dismissed on that basis.

**Ground Four:  Failure to Disclose Evidence Under *Brady v. Maryland***

In his Fourth Ground for Relief, Petitioner asserts the officer who made the traffic stop which led to seizure of evidence against him intentionally violated Ohio policy requiring officers to wear body cameras and to have dashboard cameras which record arrest events and thus deprive him of evidence to which he was entitled under *Brady v. Maryland*, 373 U.S. 83 (1963).

Respondent contends merits consideration of Ground Four is precluded by Petitioner's failure to fairly present it as a constitutional issue on direct appeal to the Supreme Court of Ohio (Amended Return, ECF No. 13, PageID 564).  Examination of Petitioner's Memorandum in Support of Jurisdiction to the Supreme Court of Ohio confirms the accuracy of Respondent's claim.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing

*Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

A petitioner can fail to meet procedural requirements in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.
>
> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.

*Smith v. Warden, Toledo Corr. Inst*., 2019 U.S. App. LEXIS 18196 * 19 (6th Cir. Jun. 18, 2019), quoting *Lundgren v. Mitchell*, 440 F.3d 754, 806 (6th Cir. 2006)).

Although the procedural default defense to Ground Four is well taken and sufficient for deciding this claim, it is worth noting that merits consideration of this claim is not barred by *Stone* because *Brady* claims arise under the Due Process Clause of the Fifth and Fourteenth Amendments, not the Fourth.

**Ground Five:  Imposition of a No Contest Plea Tax**

In his Fifth Ground for Relief, Petitioner asserts the trial court sentenced him more severely because he pleaded no contest.  Petitioner raised the same claim in his Fifth Assignment of Error on direct appeal and the Fifth District decided it as follows:

> {¶ 42} Appellant claims he was offered a plea deal of sixteen years in prison for pleading guilty, but after pleading no contest, he was found guilty and sentenced to twenty-one to twenty-six and one-half years in prison.
>
> {¶43} There is nothing in the record to indicate appellant was offered a plea deal of sixteen years in exchange for a guilty plea. During the plea colloquy, the trial court properly advised appellant of the possible sentences and fines in exchange for his no contest pleas. September 18, 2020 T. at 7-11. Appellant acknowledged he understood the possible sentences and fines.
>
> {¶ 44} During the sentencing hearing, the trial court sentenced appellant within the range discussed during the no contest hearing. November 2, 2020 T. at 27. The trial court had the benefit of a presentence investigation report and appellant's criminal history. *Id.* at 25-26. As to appellant's request to waive fine and court costs, the trial court found appellant retained an attorney for his appeal, therefore the trial court reasoned he had access to funds to pay the mandatory fines. *Id.* at 25-27.
>
> {¶ 45} In *State v. Rahab,* 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 3, the Supreme Court of Ohio held the following:
>
> > [W]e hold that there is no presumption of vindictiveness when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term. The burden is on the defendant to show the judge acted vindictively. And an appellate court may reverse a sentence for vindictiveness only if, upon its examination of the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness.
>
> {11 46} We find there is no evidence of, nor argued by appellant, of vindictiveness

> on the part of the trial court in fashioning the sentence on the no contest plea. We do not find anything in the record to support a "no contest plea tax."

*State v. Harris,* 2021-Ohio-4007 (Ohio App. 5th Dist. Nov. 9, 2021).

Respondent argues this claim is not cognizable in habeas corpus because it does not state a claim arising under the United States Constitution. The Magistrate Judge agrees that only constitutional claims are cognizable in habeas. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). However Ground Five, understood as a claim of judicial vindictiveness, does state a claim under the Due Process Clause. *North Carolina v. Pearce*, 395 U.S. 711 (1969); *See also United States v. Goodwin*, 457 U.S. 368 (1982). A defendant who does not enjoy the presumption of vindictiveness created by *Pearce* can still prevail if he can show actual vindictiveness. *Craycraft v. Cook*, 634 Fed. Appx. 490 (6th Cir. 2015); *United States v. Jackson*, 181 F. 3d 740, 744 (6th Cir. 1999); *Rahab v. Buchanan*, 2018 U.S. Dist. LEXIS, 2018 WL 2764454 (S.D. Ohio June 8, 2018).

On the merits of this claim, however, the Fifth District's decision is entitled to deference under 28 U.S.C. § 2254(d). That court held there was no evidence of record that Harris had been promised a lighter sentence if he pleaded guilty and Petitioner has not shown that is an unreasonable determination of the facts. That is, he has not pointed to any place in the record where the plea offer is memorialized. Because constitutional claims requiring support by evidence outside the record can be presented by petition for post-conviction relief under Ohio Revised Code § 2953.21, Petitioner has procedurally defaulted this claim if any such evidence exists because he has never filed a post-conviction petition and the time for doing so has expired. Alternatively, if there is no such evidence, the Fifth District's decision is a reasonable application of *Pearce* and its

progeny.

Ground Five should therefore be dismissed with prejudice.

**Ground Six:  Imposition of a Disproportionate Sentence**

In his Sixth Ground for Relief, Petitioner claims his sentence is disproportionate to the offenses of which he was convicted.

Respondent asserts this claim is procedurally defaulted because, although presented to the Fifth District as a constitutional claim, Harris only claimed a violation of Ohio law in his appeal to the Ohio Supreme Court. (Amended Return, ECF No. 13, PageID 565).

In his *pro se* Memorandum in Support of Jurisdiction, Harris recognized the Supreme Court may take a case either because it raises constitutional issues or because it has generated great public interest.  Harris chose the latter branch alone, citing various uniform resource locators which reported on his case (State Court Record, ECF No. 5, PageID 269).  However, when he came to argue the claim in the body of the Memorandum, he cited *Rahab, supra.*[1]  In that case Justice Dewine's opinion largely focused on *Pearce.*  The Magistrate Judge concludes Petitioner fairly presented his disproportionate sentencing claim to the Ohio courts.

However, Petitioner's disproportionate sentencing claim is without merit.  Judicial fact finding in the imposition of sentence is only unconstitutional when it involves a judge rather than a jury finding the required elements of a crime.  Compare *Blakely v. Washington*, 542 U.S. 296

---

[1] Harris did not cite *Rahab* as favorable to his position, which it is not.  However, it is a case largely employing federal constitutional analysis and thus meets the fair presentation criteria of *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

(2004), with *Oregon v. Ice*, 555 U.S. 160 (2009). A term of imprisonment may be grossly disproportionate to the offense and thus violate the Eighth Amendment. *Harmelin v. Michigan,* 501 U.S. 957 (1991); *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003); *Graham v. Florida*, 560 U.S. 48, 59-60 (2010). But the Supreme Court has never found a sentence such as the one imposed here to be unconstitutional. There is no question that the sentence imposed on Petitioner is within the maximum sentence allowed for the offenses involved.

The Fifth District's decision on this claim is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. Ground Six should therefore be dismissed.

**Ground Seven: Ineffective Assistance of Appellate Counsel**

In his Seventh Ground for Relief, Petitioner asserts he received Ineffective assistance of appellate counsel when his appellate attorney did not include in the record on appeal "the dismissal of the traffic citation alleged as the reason for the illegal traffic stop" which led to the seizure of the evidence used to convict him.

In Ohio claims of ineffective assistance of appellate counsel are to be raised in an application to reopen the appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Petitioner filed a 26(B) application and pleaded this claim as the first omitted assignment of error (State Court Record, ECF No. 5, Ex. 21). However he did not appeal from denial of that application to the Supreme Court of Ohio. On that basis Respondent asserts this claim is procedurally defaulted, relying on *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). Petitioner does not respond to this argument and it is well-taken. Ground Seven should be dismissed with prejudice as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 31, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge